UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-CR-284 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| PAUL SHAWN IWATSU, | |
| Defendant(s). | |

Presently before the court is the government's emergency motion to extend time to respond (ECF No. 132) to defendant Edward Snoeck ("defendant")'s motion for *nunc pro tunc* order (ECF No. 131).[1]

On January 27, 2020, defendant was convicted of conspiracy to distribute a controlled substance and sentenced to 120 months in custody. (ECF No. 78). During defendant's sentencing hearing, the court ordered that his sentence run concurrent with the sentence imposed in his state court proceeding, C-17-328221-1. (*Id.*).

Defendant filed a motion for *nunc pro tunc* order on September 18, 2023, almost four years after he was sentenced, claiming that the court failed to include in its judgment that defendant "be given credit for the time he has been in custody starting from November 13, 2017." (ECF No. 131 at 1). Defendant posits that the court intended his sentence "to be credited from" November 13, 2017, but he provides no documentation supporting his position. (*Id.* at 2).

---

[1] Defendant filed his motion *pro se*.

**James C. Mahan**
**U.S. District Judge**

The government requests that the court enter an order extending its response deadline to November 1, 2023. (ECF No. 132 at 2). The government's justification for this extension is that it needs to verify defendant's claims to respond appropriately to his motion. (*Id.*). The government states it requested an audio recording of the sentencing hearing, but it was informed that the hearing was not court reported and no audio is available. (*Id.*). Accordingly, the government seeks additional time to obtain a transcript of defendant's sentencing hearing from the court reporter. (*Id.*).

Under normal circumstances, the court would find that there is good cause to grant the government's motion, especially considering that its current counsel was not the original attorney on the case and not present for sentencing. (*Id.*). However, it is clear the government filed its motion hastily, as it contains procedural deficiencies.

As stated, *supra*, defendant filed his motion on September 18, 2023. The deadline to respond to defendant's motion was October 2, 2023. Despite having fourteen days to file a motion for an extension, at 2:29 p.m. PDT, the government filed the instant motion the day its response was due. In addition to filing the emergency motion at the proverbial last minute and not respecting the court's time to deal with other matters, the emergency motion also contains a key typographical error that causes confusion.

The emergency motion states that the deadline to respond to defendant's motion is October 4, 2023. (*Id.* at 1). The deadline was October 2, 2023. The court is forced to deduce that the government was aware of the correct deadline and, in a rush to file its emergency motion, provided the incorrect response deadline. Evidence for this belief comes from the specific request made by the government. The government states it seeks an extension "for a period of 30 days from October 4, 2023, to November 1, 2023." There are twenty-eight days

**James C. Mahan**
**U.S. District Judge**

- 2 -

between October 4 and November 1, not thirty. The government thus failed to file a responsive pleading.

The court has the discretion to let fairness and equity, the overriding concerns in criminal cases, override the government's procedural failures. Given that defendant waited nearly four years to file his motion and that the present counsel for the government is different than counsel at sentencing, the court finds that an extension to respond to defendant's motion is warranted. However, the court admonishes the government for failing to adhere to the response deadline and waiting an unreasonable amount of time to file its emergency motion.

The court will grant an extension for the government to respond to defendant's motion, but not for the length of time it requests.

Accordingly,

IT IS HEREBY ORDERED, ADJUGED, and DECREED that the government's motion to extend time (ECF No. 132) is GRANTED *nunc pro tunc*. The government shall have until October 20, 2023, to file its response to defendant's motion.

DATED October 4, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -