UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-CR-284 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| PAUL SHAWN IWATSU, | |
| Defendant(s). | |

Presently before the court is defendant Edward Snoeck ("defendant")'s motion for nunc pro tunc order. (ECF No. 131). The government filed a response to defendant's motion (ECF No. 136), to which defendant did not reply.

Also before the court is defendant's motion for judicial notice (ECF No. 135) and motion for sentence reduction (ECF No. 138). As these motions are duplicative regarding the issues raised in defendant's motion for nunc pro tunc order, the court need not wait for the government to respond.

**I.     Background**

On August 29, 2019, defendant pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841 (b)(1)(A)(viii). (ECF Nos. 54 and 55). Pursuant to the plea agreement, the parties agreed to recommend that defendant "be given credit for the time he has been in custody starting from November 13, 2017, in *The State of Nevada v. Edward Snoeck*, Case No. C-17-328221-1, and that the sentence in this case is to run concurrent to the defendant's state court sentence." (ECF

**James C. Mahan**
**U.S. District Judge**

No. 55 at 8). Defendant acknowledged in his plea agreement that the court was not obligated to follow the recommendation of either party. (*Id.*).

On January 27, 2020, the court sentenced defendant to 120 months' imprisonment and ordered his sentence to run concurrent with the sentence imposed in his state court case. (ECF No. 78). Defendant filed his motion for nunc pro tunc order claiming that the court failed to include in its judgment that he "be given credit for the time he has been in custody starting from November 13, 2017." (ECF No. 131 at 1).

Defendant argues that it was the intention of the parties and the court for his federal sentence to be *credited* starting from November 13, 2017, as he believes the plea agreement states. (*Id.*) (emphasis added). Defendant notes that absent an order from this court which reflects the date it intended his sentence to begin to be credited concurrently with his state sentence, he will be forced to serve nearly two additional years in custody. (*Id.* at 2).

Defendant now moves under Federal Rule of Criminal Procedure 36 to correct a clerical error in the court's judgment regarding its intent when sentencing him. However, defendant misinterprets the law governing the application of Rule 36.

**II.     Legal Standard**

Federal Rule of Criminal Procedure 36 governs clerical mistakes made in a judicial proceeding. "Clerical mistakes in judgments, orders, or other parts of the record and errors in the arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Fed. R. Crim. P. 36.

Rule 36 applies solely to clerical errors. *United States v. Marchese*, 341 F.2d 782, 788 (9th Cir. 1965); *see United States v. Kaye*, 739 F.2d 488, 491 (9th Cir. 1987) ("Rule 36 could not have been used for any purpose other than to correct the clerical error . . .").

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. Discussion

a. <u>Motion for nunc pro tunc order</u>

First, the transcript of defendant's sentencing hearing shows that the court made no statements regarding the date of November 13, 2017. (ECF No. 134). The record is also silent on whether the court intended for defendant to receive any credit from the time he had been in custody for his state court case. (*Id.*).

The government is correct in positing that Rule 36 does not apply to judicial errors or omissions, which is the case here. (ECF No. 136 at 2); *see, e.g., United States v. Guevremont*, 829 F.2d 423, 424 (3rd Cir. 1987) (holding that errors made "from an oversight or omission by the court, rather than through a clerical mistake . . . are not within the purview of Rule 36."); *United States v. Fahm*, 13 F.3d 447, 454 n.8 (2nd Cir. 1994) (holding that omissions of costs of incarceration and supervision in sentencing orders were not clerical mistakes subject to correction under Rule 36) (internal citation omitted).

While Rule 36 permits corrections of clerical errors, it does not allow for corrections of judicial oversights or omissions, and defendant's motion accordingly must be denied.

b. <u>Motion for sentence reduction</u>

In his motion for sentence reduction (ECF No. 138), defendant reiterates the same arguments set forth in his motion for nunc pro tunc order. Here, defendant points to the plea agreement, which articulates the joint recommendation that he be given credit for the time that he has been in custody starting from November 13, 2017, in his state court case.

Defendant does not cite the portion of the plea agreement which indicates that the court does not have to follow the recommendation of either party. Again, the transcript of proceedings

**James C. Mahan**
**U.S. District Judge**

- 3 -

is silent on the November date and does not mention whether the court intended for defendant to receive any credit from the time he had been in custody for his state court case. (ECF No. 134).

Furthermore, there was no judicial oversight or omission in this case. The parties entered into a non-binding plea agreement. The transcript of proceedings corresponds to the judgment entered against defendant. The judgment states "[t]he defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of one hundred and twenty (120) months to run concurrent with sentence imposed in Nevada State Court case C-17-328221-1." (ECF No. 78 at 2). There is no mention of credit for time served.

The court does not rule out that defendant may have an argument for a sentence reduction, but the instant motions constitute improper procedural vehicles upon which the court cannot act. Given that the record is silent on whether the court intended defendant, who is a *pro se* litigant, to receive credit from the November 2017 date, the court denies his motion for a sentence reduction without prejudice. (ECF No. 138).

    c. <u>Motion for judicial notice</u>

Finally, although it has no bearing on the underlying issue in this case, the court denies defendant's motion for the court to take judicial notice of the plea agreement as moot. (ECF No. 135). The facts contained within the plea agreement are not subject to reasonable dispute under Federal Rule of Evidence 201(b), but the court's rulings on defendant's prior motions render his motion for judicial notice moot. (*Id.*).

**IV.  Discussion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Edward Snoeck's motion for nunc pro tunc order (ECF No. 131) be, and the same hereby is, DENIED.

**James C. Mahan**
**U.S. District Judge**

- 4 -

IT IS FURTHER ORDERED that defendant's motion for sentence reduction (ECF No. 138) be, and the same hereby is, DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that defendant's motion for judicial notice (ECF No. 135) be, and the same hereby is, DENIED AS MOOT         .

DATED November 3, 2023.

_____
UNITED STATES DISTRICT JUDGE