UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>PAUL SHAWN IWATSU,<br><br>Defendant(s). | Case No. 2:18-CR-284 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant Edward Snoeck's renewed *pro se* motion for sentence reduction. (ECF No. 142). Defendant's appointed federal public defender filed a supplement in support of his motion. (ECF No. 151). The government filed a response (ECF No. 155), to which defendant replied. (ECF No. 156).

Also before the court is defendant's motion for leave to file an exhibit under seal. (ECF No. 152).

Also before the court is defendant's *pro se* motion for a "request for status and service of documents." (ECF No. 157).

**I.     Background**

On August 29, 2019, defendant pleaded guilty to conspiracy to distribute a controlled substance. (ECF No. 54). Defendant was sentenced to 120 months imprisonment to run concurrently with sentencing imposed in his Nevada state court case.[1] (ECF No. 78).

---

[1] Case number C-17-328221-1.

James C. Mahan
U.S. District Judge

This court denied, without prejudice, defendant's first motion for sentence reduction. (ECF No. 141). Defendant argued that he should have been given credit for the time he served in custody for his state court case from November 13, 2017, through August 8, 2018. (*Id.* at 3).

The court found that the record is void of any indication that it intended for defendant to receive his requested credit. (*Id.* at 4). Moreover, the court found that defendant's motions were the "improper procedural vehicles upon which the court cannot act [to address defendant's request to be credited for time spent in custody]." (*Id.*).

Defendant's renewed motion similarly argues that he should be given credit for time served from November 13, 2017, to January 27, 2020. (ECF No. 142 at 2). Defendant still contends that it was the court's intent for him to receive this credit. (*Id.*).

Defendant's supplement filed by his FPD argues that a sentence reduction is warranted under 18 U.S.C. 3582(c). (ECF No. 151). Specifically, the motion argues that defendant's previous attorney's failure "to advocate for the terms of his negotiated plea agreement" is an extraordinary and compelling reason under the statute. (ECF No. 151, at 6).

**II.    Discussion**

A.   Motion to seal

Defendant moves this court to file an exhibit to his motion for sentence reduction under seal. (ECF No. 152). The court finds that compelling reasons exist to grant defendant's motion. The need to keep the information in the exhibit sealed outweighs the public's interest in disclosure and access to court records. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (explaining that courts must balance the competing interests "of the public and the party who seeks to keep certain judicial records secret").

Defendant is given leave to file Exhibit A to his motion for sentence reduction (ECF No. 142) under seal and the clerk is instructed to maintain it under seal.

B.   Motion for sentence reduction

The court lacks jurisdiction to consider defendant's motion for sentence reduction. *See U.S. v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). As the court found in its previous order

**James C. Mahan**
**U.S. District Judge**

- 2 -

(ECF No. 141), the instant motion is still an improper avenue to grant defendant's requested relief.

However, even if the court decided defendant's motion under 18 U.S.C. § 3582(c)(1)(A), he has not met his burden of showing that extraordinary and compelling reasons exist to grant his motion for sentence reduction.

To grant compassionate release, the court must consider whether: (1) "extraordinary and compelling reasons" warrant release; (2) release would be "consistent with applicable policy statements issued by the Sentencing Commission;" and (3) release is warranted under the "particular circumstances of the case" based on the factors outlined in 18 U.S.C. § 3553(a). *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy *any* of these grounds." *Id.*

Under the most recent U.S. Sentencing Guidelines amendment, "extraordinary and compelling reasons" include (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was a victim of abuse while serving his term of imprisonment; and (5) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described above warrant compassionate release." U.S.S.G. 1B1.13(b).

The catch-all provision further provides that extraordinary and compelling reasons exist if "any other circumstances or combination of circumstances…when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. 1B.13.(b)(5).

Defendant attempts to use the catch-all provision to argue that his previous attorney's failure "to advocate for the terms of his negotiated plea agreement" is an extraordinary and compelling reason warranting a sentence reduction. (ECF No. 151, at 6). Under the catch-all provision, the alleged actions of his previous attorney are in no way similar in gravity to the

**James C. Mahan**
**U.S. District Judge**

circumstances in paragraphs (1) through (4) of U.S.S.G. 1B1.13(b).  Defendant's motion for sentence reduction is denied.

C. <u>Motion for request for status and service of documents</u>

Defendant also moves this court for a request for status and service of documents.  (ECF No. 157).  As defendant is currently represented by counsel, pursuant to Local Rule IA 11-6(a), the court will not accept *pro se* filings.  His motion (ECF No. 157) is DENIED without prejudice.

**III.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for sentence reduction (ECF Nos. 142; 151), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to file under seal an exhibit to his motion for order reducing sentence or modifying judgment under 18 U.S.C. § 3582(c) (ECF No. 152) be, and the same hereby is, GRANTED.  The clerk of the court is INSTRUCTED to maintain it under seal.

IT IS FURTHER ORDERED that defendant's motion for request for status and service of documents (ECF No. 157), be, and the same hereby is, DENIED without prejudice.

DATED September 13, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -